**UNITED STATES v. KRYPTOK CO. et al.**

(District Court, S. D. New York. July 22, 1925.)

**1. Monopolies ⊚⇒24(2).**

Proof of abandonment by patentee of provision in license for its designation of jobbers to whom licensee could sell *held* to bar any injunctive relief based on that provision in suit by government to enjoin alleged combination.

**2. Monopolies ⊚⇒24(2)—Rule of de minimis held applicable to government's suit to enjoin alleged combination of licensees and patentee, brought to hearing only short time before expiration of patent, so as to bar injunctive relief.**

Where government, after 11 years' investigation, filed suit against patentee and licensees, based on license agreements only, to enjoin alleged combination in manufacture and sale of patented article, less than 2½ years before patents expired, but did not bring it to hearing until less than 2 months before expiration date, *held*, rule of de minimis applied, and, in view of short time which alleged combination could continue, injunctive relief was unwarranted.

In Equity. Suit by the United States against the Kryptok Company and others. Bill dismissed.

Emory R. Buckner, U. S. Atty., of New York City (David A. L'Esperance, Jr., and Rush Williamson, Sp. Asst. Attys. Gen., and Ryland W. Joyce, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Stockbridge & Borst, of New York City (Edward F. McClennen, of Boston, Mass.,

and William M. Stockbridge, of New York City, of counsel), for defendant Kryptok Co.

Choate, Hall & Stewart, of Boston, Mass. (Charles F. Choate, Jr., of Boston, Mass., of counsel), for defendants Bausch & Lomb Optical Co. and American Optical Co.

Niles & Johnson, of New York City (Henry B. Johnson, of New York City, of counsel), for defendant General Optical Co.

MACK, Circuit Judge. In January, 1923, after investigating the matter over a period of some 11 years, the United States filed its bill in equity to enjoin an alleged combination and conspiracy by the defendants in the manufacture and sale of fused bifocal lenses and blanks.

Defendant Kryptok Company does nothing but grant licenses under basic patents, covering inventions for bifocal lenses, the last dated May 5, 1908. The other defendants operate under such licenses; they do something less than three-fourths of the *fused* bifocal lens and blank business of the country.

It is unnecessary to recite the facts at length. It suffices that in 1909 practically identical licenses were issued to these defendants, under which thenceforth uniform prices and discount rates to jobbers were to be and have been maintained by them. In effect the basis of the attack is primarily certain provisions of these licenses and the agreements and mutual obligations resulting therefrom. The licenses contained certain price restrictions, which in 1909 were generally supposed to be valid; since the invalidity of similar provisions has been determined by the Supreme Court in the Sanatogen Case, 33 S. Ct. 616, 229 U. S. 1, 57 L. Ed. 1041, 50 L. R. A. 1185, Ann. Cas. 1915A, 150, they have been definitely and expressly abandoned; no claim for relief is based thereon.

The attack is concentrated on the provisions for identical price maintenance by each of the several licensees in the original sale to the jobber, thereby preventing competition, at least as to sale price, as between them, and for determination by the licensees, if they can agree thereon, otherwise by the licensor, of any change in such original sale price, and of the jobbers to whom sales could be made. [1] This latter provision, however, while not formally annulled, has in fact been long since abandoned in practice, both as to price and jobbers' list determination. Two changes in prices during the life of the agreement were made by the licensor alone, and, so far as the evidence shows, without any attempt at con-

sultation with, or prior attempt at agreement by, the licensees. The evidence of abandonment and lack of any desire or intent to put it into effect again is sufficient, in my judgment, to bar the injunctive relief as to these points.

[2] There remains, then, the identity of price restriction imposed upon and maintained by the licensees, pursuant to the asserted right, under the patent laws, of a patentee to grant more than one license and to restrict an original licensee's sale price, with the resulting right to impose identical restrictions on each of several licensees, irrespective of whether the licenses are for separate parts of or for the entire country.

All of the licenses expired by limitation with the last of the patents on May 5, 1925. This case was not brought on for hearing until March, 1925. Briefs were submitted but five weeks before the licenses expired. If ever there was a case for the application of the de minimis rule to a combination in restraint of trade (see Industrial Ass'n v. U. S., 45 S. Ct. 403, 268 U. S. 64, 69 L. Ed. 849, last paragraph), because of the short time during which the conspiracy could continue, it is the instant one, especially in view of the long delay in beginning suit. An injunction granted immediately after submission of the cause would have availed but little to the government, while, if erroneous, it would have caused great damage to defendants.

In the light of Bement v. National Harrow Co., 22 S. Ct. 747, 186 U. S. 70, 46 L. Ed. 1058, which in my judgment stands unshaken, and as to which, therefore, I cannot consider the argument advanced that the court therein reached an erroneous conclusion, the right to an injunction was at least doubtful. I find it unnecessary to say more on that point, or to review the long line of cases discussed by and with counsel during the argument, for, since the licenses and any agreement based thereon are now at an end, the relief sought in these proceedings can no longer be given. For clearly the bill charges the alleged illegal combination as based upon the licenses. No agreement apart from or independently thereof is therein set forth. No agreement that can continue beyond the license period is alleged to have been made. As no evidence was introduced of any such agreement, or any purpose to continue the alleged combination after May 5, 1925, relief cannot be based upon any possible amendment in that respect, and clearly not upon the possibility of some new combination then or thereafter to be formed.

The bill must be dismissed.